IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Criminal No. 4:26-cr-00024-O |
| | § |
| FRANCISCO JESUS MENA, | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court are Defendant Francisco Jesus Mena's Motion to Dismiss (ECF No. 18), the United States of America's (the "Government") Response (ECF No. 20), and Defendant's Reply (ECF No. 21). Having reviewed the pleadings and the relevant caselaw, the Court finds that Defendant's Motion should be **DENIED**.

Defendant argues that counts 3-6 and 10 of the Government's Indictment (ECF No. 10) should be dismissed under FED. R. CRIM. P. 12(b)(3)(B)(v) for failure to state an offense because 18 U.S.C. § 115(a)(1)(B) requires the Government to identify "a singular and specific 'Federal law enforcement officer,' rather than several unidentified officers."[1] Defendant asserts that simply identifying the victims as unnamed ICE agents, as the Government has done, does not satisfy the elements of the charged offense and raises issues regarding Defendant's right to notice under the Sixth Amendment.[2]

The Government, arguing against dismissal, cites Third, Fourth, and Ninth Circuit cases upholding convictions against defendants charged with making generalized threats to law

---

[1] Mot. Dismiss 3, ECF No. 18.
[2] *Id.* at 3–9.

enforcement officers under § 115(a)(1)(B).[3] The Government also cites several Fifth Circuit cases analyzing a similar threat statute, 18 U.S.C. § 875(c), where the Circuit upheld convictions when a defendant threatened to kill unnamed "teachers and students," *United States v. Morales*, 272 F.3d 284, 286 (5th Cir. 2001), and when a separate defendant unhappy with the Veteran's Administration called a congressman's office and told them to "have plenty of body bags around" and threatening the "VA and Congress with damage severe enough to make the explosion in the World Trade Center look like a picnic." *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997).

The Parties have not provided, and the Court has not found, a Fifth Circuit case addressing whether § 115(a)(1)(B) applies to an individual or to a group. The Court guided by the Circuit's holdings in *Morales* and *Myers* and persuaded by the Third, Fourth, and Ninth Circuit cases[4] finds that the Indictment does state an offense for counts 3-6 and 10.[5] Further, Defendant's Sixth Amendment argument is unpersuasive because the Indictment recites the exact words in each charged threat and the date each threat was made.

Defendant also moves to dismiss counts 1-2 and 7-9 of the Indictment arguing that his threats to kill or assault President Trump were too "hyperbolic, vague, and contradictory to constitute 'true threats'" and therefore no reasonable jury could interpret these statements as constituting a true threat.[6] Defendant asserts the Court should dismiss these counts as "a matter of law," because "the charged communications are protected speech and cannot be prosecuted under § 115(a)(1)(B)."[7] The Government counters that Defendant's "motion is based on a factual

---

[3] Resp. 1-3, ECF No. 20.
[4] *See United States v. Miah*, 120 F.4th 99, 108 n.4 (3d Cir. 2024); *United States v. Armel*, 585 F.3d 182, 185 (4th Cir. 2009); *United States v. Chase*, 340 F.3d 978, 980 (9th Cir. 2003).
[5] The Court notes that Defendant's argument regarding the gender/number canon and 1 U.S.C. § 1 is unconvincing. Rather, this seems like exactly the situation both are intended to overcome.
[6] Mot. Dismiss 9, ECF No. 18.
[7] *Id.*

dispute—i.e., whether each statement was a true threat sufficient to support a conviction under 18 U.S.C. § 115(a)(1)(B)" and therefore cannot be dismissed as a matter of law.[8]

The Court agrees with the Government. The Fifth Circuit has explained that "[s]peech is a 'true threat' and therefore unprotected if an objectively reasonable person would interpret the speech as a serious expression of an intent to cause a present or future harm." *Porter v. Ascension Par. Sch. Bd.*, 393 F.3d 608, 616–17 (5th Cir. 2004) (citation modified). Based on this test, the Court finds that an objectively reasonable person could interpret Defendant's statements under counts 1-2 and 7-9 as a true threat. Thus, there is a fact issue for the jury to decide.

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED** this **9th day** of **March, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[8] Resp. 9, ECF No. 20.