IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                    No. 4:26-CR-024-O

FRANCISCO JESUS MENA (01)

## NOTICE UNDER FED. R. EVID. 404(b)

Pursuant to Federal Rule of Evidence 404(b), the government hereby provides

notice to counsel for the defendant, Francisco Jesus Mena, of the government's intent to

offer as evidence the following statements made by Mena in the comments section of

YouTube videos, using his account f***************@gmail.com:

| Date | Statement by Mena |
|------|-------------------|
| 2025-06-14 | ABOUT A WEEK OR 2 AGO I WAS VISITED BY AN F.B.I AGENT THAT I WAS POSTING TOO MANY COMMENTS THAT I WAS GOING TO TAKE OUT TRUMP.... SAYING I CAN'T TYPE A THREAT MESSAGE TOWARDS A PRESIDENT....BUT THE POLICE CAN PUBLICALLY THREATEN PROTEST (A RIGHT THAT ANY HUMAN HAS UNDER THEIR AMENDMENT) THIS MEANS YOU HAVE THE RIGHT TO BEAR AMRS.... ALSO UNDER YOUR AMENDMENT....THESE ARE NOT POLICE....THEY ARE HOMEGROWN TERRORISTS..... ⚔️🛡️⚔️👆🤡🇺🇸🤡🇺🇸🤡🇺🇸👆👆 |
| 2025-10-03 | Don't be mad when MEXICAN CARTELS CHOP UP AMERICANS ON AMERICAN SH*T SOIL ..... I would love to see chopped up mf on the streets" |
| 2025-10-04 | I want to be there dropping some PRO ICE MF!!! MAN IM ITCHING!! ⚔️⚔️⚔️ |
| 2025-10-08 | C'MON!!! BRING IT THE FK ON! IM READY TO ELIMINATE ICE.... FK THAT MF TRUMP SHOULD JUMP OFF A BRIDGE ALREADY! ...TF ARE YOU WAITING FOR SCARY A** MF?!!!! ... DON'T SEND ICE MY WAY....I WILL DROP THEM ONE BY ONE IF THEY DISRESPECT MY FREEDOM |
| 2025-10-08 | IF YOU HAVE A MILITARY WITH BALLS HANGING TO THE GROUND AND WANT TO BUILD IT BIGGER TO GO AGAINST TRUMP'S LITTLE SHITSHOW ...LET ME KNOW! ....IM NOT THE TYPE THAT TALKS AND TALKS BLAH BLAH BLAH... ACTIONS SPEAK LOUDER THAN WORDS! YOU ARE EITHER A DEMOCRATIC TRUE AMERICAN....OR A FUTURE |

**Notice Under Fed. R. Evid. 404(b) – Page 1**

| | |
|---|---|
| | SCALPED MAGA MAGGOT!!!! .....IF YOU ARE THE FBI READING THIS AGAIN, COME TO MY HOUSE LET'S TALK BUSINESS.....BTCH! |
| 2025-10-08 | Im from San Diego...I moved to Texas in 05' ...I HAVE A GUN TO STOP ANOTHER FAKE FBI THAT WANTS TO SCRATCH MY FREEDOM..... I DON'T FASCINATE MY GUN...BUT WHEN SHIT HITS THE FAN....YOU NEED TO SHOW RESISTANCE |
| 2025-10-08 | YOU WILL BE DROPPED WITH THEM TOO .... DON'T WORRY MF, WE GOT PLENTY OF CASKETS. |
| 2025-10-09 | ELIMINATE TRUMP AT ALL COST!!!! I WILL BACK UP MY WORST ENEMY AND THE DEVIL TO MAKE SURE TRUMP IS DONE…DONE DONE….. |
| 2025-10-17 | DROP ANY MAGA CLOWN ON SIGHT |
| 2025-10-19 | FK TRUMP....AND FK TRUMP'S FOLLOWERS...YOU ARE MY TARGET,MEAL, AND TROPHY |
| 2025-10-21 | MAGA should die.... please if you are butthurt about this...get riddled by my AR! |
| 2025-10-21 | DROP YOUR LOCAL MAGA |

The government also intends to offer all of Mena's statements contained in document GOV_P1_00164738.

## Argument

The statements listed above are intrinsic and therefore do not fall under Rule 404(b). "Evidence is considered intrinsic if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime of the trial." *United States v. Gurrola*, 898 F.3d 524, 536 (5th Cir. 2018) (internal quotations omitted).

Such is the case here. First, the statements in GOV_P1_00164738 are part of the same criminal episode, namely, a series of posts that Mena made on YouTube videos

**Notice Under Fed. R. Evid. 404(b) – Page 2**

over the course of less than two weeks in May 2025. As part of the same disclosure as the charged threats, they are inextricably intertwined and necessary to complete the story of the crime of the trial. The later statements—shown in the table above—were made less than five months later and also involve the same types of threats.

If the Court deems the evidence here to be extrinsic, it is still admissible under Rule 404(b). "[S]uch evidence is admissible only if (1) it is relevant to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by undue prejudice to the defendant, and the evidence meets the other requirements of Rule 403." *United States v. Williams*, 620 F.3d 483, 488 (5th Cir. 2010) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)).

For each count in the indictment, the government must prove that the statement was a true threat—one that "an objectively reasonable person would interpret . . . as a serious expression of an intent to cause a present or future harm." *United States v. Jubert*, 139 F.4th 484, 490 (5th Cir. 2025). The government is also required to prove that the defendant made each threat with intent to impede, intimidate, interfere with, or retaliate against the official or law enforcement officers, on account of the performance of their official duties. 18 U.S.C. § 115(a)(1)(B). Based on Mena's motion to dismiss, Dkt. 18, and his previous admission to the FBI, the government anticipates that his defense at trial will be that the statements were not true threats and/or that he did not intend them as true threats.

**Notice Under Fed. R. Evid. 404(b) – Page 3**

The government therefore seeks to offer the statements identified in this notice for the following permissible uses:

- **Intent, absence of mistake, lack of accident**: Mena intended the charged statements to be viewed as threats. That is, contemporaneous with the charged threats—some on the same days as charged threats—Mena also made other, more generalized threats. For example, Mena threatened to "help other countries kill Americans;" said "WE WILL MURDER [Trump supporters]!!!"; and "I'M READY TO CHOP UP HUMANS. . . ." Even after being told by the FBI that some of his comments were viewed as threats, he continued to make threatening comments, as shown in the table above.[1] The number of threatening posts, also, is evidence that this was not a one-off instance of a person losing one's temper, but rather a person intending to threaten and cause apprehension in those he targeted.

- **Knowledge of guilt**: On June 14, 2025, Mena acknowledged that the FBI visited him and told him that he was posting messages to "take out Trump" and that FBI was "saying I can't type a threat message towards a president." Rather than deny that he threatened the president—i.e. say that his comments were not true threats or he didn't intend them to be perceived

---

[1] *See United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (stating that an "uncharged offense is relevant to intent . . . if it requires the same intent as the charged offense, because evidence of the uncharged offense then lessens the likelihood that the defendant committed the charged offense with innocent intent").

as threats—Mena instead tried to draw an equivalency and then continued posting the same types of threats. He then doubled down by making additional threats, as shown in the table above.

- **Motive**: The statements show that Mena harbored hatred towards, for example, President Trump, ICE, federal law enforcement, Christians, white people, and people with blue eyes, that he wished them death, and that he made direct threats to murder them. These additional comments provide evidence that Mena had motive to threaten, intimidate, and retaliate against President Trump and ICE agents.

- **Venue**: In one comment, Mena stated, "I beat up ICE AGENTS . . . .Who wants smoke? Lmk if you down to throw some. Im in Fort Worth TX. I can drive to you. . . ."

Nor is the probative value of Mena's other statements substantially outweighed by undue prejudice. In assessing this prong, courts look at "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the ... offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013). Here, all of these factors weigh in the government's favor. As stated, the government needs the extrinsic evidence for the purposes described above, which will be central to elements of the offense that the government anticipates Mena will challenge at trial. The uncharged statements are of the same ilk as those charged, so there is little risk that the jury would be improperly

inflamed by the uncharged comments. The time separating the offenses is minimal—

some of them are even interspersed in time with the charged threats. And the Court can

provide a limiting instruction.

Mena's statements listed in the table above are therefore admissible either as

intrinsic evidence or as extrinsic evidence under Rule 404(b).

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
matthew.weybrecht@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, I electronically filed the foregoing
document with the clerk for the U.S. District Court, Northern District of Texas, using the
electronic case filing system of the court. The electronic case filing system sent a "Notice
of Electronic Filing" to the attorney(s) of record.

*s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney

**Notice Under Fed. R. Evid. 404(b) – Page 6**